UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for, the use and benefit of RENEGADE EQUIPMENT, LLC, | ) ) ) ) | |
| Use-Plaintiff, | ) ) | 3:07-cv-00187 JWS |
| vs. | ) ) | ORDER AND OPINION |
| WESTERN SURETY COMPANY and its Payment Bond No. 929380264, | ) ) ) ) | [Re: Motion at Docket 68] |
| Defendant. | ) ) | |

## I. MOTION PRESENTED

At docket 68, defendant Western Surety Company ("Western") moves for attorneys' fees pursuant to Local Rule 54.3. At docket 71, plaintiff Renegade Equipment, LLC ("Renegade") opposes the motion. At docket 78, Western replies. Oral argument has not been requested and would not assist the court.

## II. BACKGROUND

The original action arose out of a subcontract ("Subcontract") between Tatitlek Contractors, Inc. ("Tatitlek") and Renegade. Tatitlek was the contractor on a federal construction project replacing military family housing water lines at Fort Richardson, Alaska. Tatitlek subcontracted with Renegade to furnish and install underground water lines. Western provided Tatitlek's performance and payment bonds for the project.

Renegade sued in its capacity as surety pursuant to the Miller Act. The court granted Western's motion for summary judgement on April 8, 2009.[1]

### III. DISCUSSION

Western moves for attorneys' fees pursuant to Local Rule 54.3, which mandates that a moving party set forth the authority for the award.[2] Western cites Article 15.4 of the Subcontract as its authority. Renegade counters that Western is not a signatory to the Subcontract, and thus cannot benefit from its provisions. "Under the American Rule, 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'"[3] The American Rule can "be overcome by statute" or by "an enforceable contract allocating attorney's fees."[4] Western admits that the Miller Act does not "explicitly provide for an award of attorneys' fees."[5] Therefore, the court examines the plain language of the Subcontract.

In the Ninth Circuit, "state law controls the interpretation of Miller Act subcontracts to which the United States is not a party."[6] Furthermore, article 15.2 of the Subcontract states that "[t]his Agreement shall be governed by the law of the State of Alaska."[7] Accordingly, the court applies Alaska law to interpret the Subcontract. "In interpreting a contract, we depart from its plain language only where the contract's

---

[1] For a complete account of the facts pertaining to the original action, see Docket 65 at 1 - 5.

[2] D. Ak. LR 54.3(a)(2).

[3] *Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 448 (2007) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)).

[4] *Id.* (quoting *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)).

[5] Docket 68 at 2; *F.D. Rich Co., Inc. v. U.S. for Use of Indus. Lumber Co., Inc.*, 417 U.S. 116, 126 (1974).

[6] *U.S. for the Use and Benefit of Reed v. Callahan*, 884 F.2d 1180, 1185 (9th Cir. 1989).

[7] Docket 71-3 at 8 (emphasis omitted).

-2-

language is ambiguous."[8]  "A court may find ambiguity in a contractual provision only where 'the contract as a whole and all extrinsic evidence support two different interpretations, both of which are reasonable.'"[9]  When interpreting specific terms in a contract, the court examines the "plain language of the term in the context of the document as a whole."[10]

Tatitlek and Renegade are the sole signatories to the Subcontract.[11]  Article 15.4 of the Subcontract reads, in relevant part: "Should either party employ an attorney to institute suit . . . the prevailing party shall be entitled to recover reasonable attorney's fees, costs, charges, and expenses expended or incurred herein."[12]  Article 15.6 states that the Subcontract is "solely for the benefit of the signatories hereto and represents the entire and integrated agreement between the parties."[13]  Therefore, based on the plain language of the Subcontract, only Tatitlek and Renegade can benefit from the Article 15.4 attorneys' fees provision.  Western has presented no extrinsic evidence which would suggest an alternative reasonable interpretation.

Western argues that it should receive attorneys' fees as the "prevailing party" in the litigation, regardless of whether it was a signatory to the Subcontract.[14]  However, Western cites no law to support this position, and the court's own research reveals none.

---

[8] *Rockstad v. Erikson*, 113 P.3d 1215, 1222 (Alaska 2005).

[9] *Id.*, quoting *McMillan v. Anchorage Cmty. Hosp.*, 646 P.2d 857, 863 (Alaska 1982).

[10] *U.S. v. Clark*, 218 F.3d 1092, 1096 (9th Cir. 2000); *see also Stanford Ranch, Inc. v. Maryland Casualty Co.*, 89 F.3d 618, 626 (9th Cir. 1996).

[11] Docket 71-2 at 1; Docket 71-3 at 9.

[12] Docket 71-3 at 8.

[13] *Id.* at 8 - 9.

[14] Docket 78 at 2.

## V. CONCLUSION

For the reasons set forth above, Western's motion for attorneys' fees at docket 68 is **DENIED**.

DATED at Anchorage, Alaska, this 15th day of July 2009.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE